653 So.2d 1183 (1995)
Wilbert GAGE, Sr. and Sara Gage, individually, and, On Behalf Of Their Minor Child, Christina Gage
v.
Warren E. POTTS, Delta Coatings and Linings, Inc., L.C. Guillory, State Farm Mutual Automobile Insurance Company, and Allstate Insurance Company.
No. 94 CA 1542.
Court of Appeal of Louisiana, First Circuit.
April 7, 1995.
*1184 John R. Olds, Mary Olive Pierson, Baton Rouge, for plaintiffs/appellants, Wilbert Gage, Sr., et al.
Robert L. Kleinpeter, Baton Rouge, for defendant/appellee, Allstate Ins. Co.
Richard S. Thomas, Baton Rouge, for defendants/appellees, State Farm Mut. Auto. Ins. Co., Delta Coatings & Linings, Inc., Warren E. Potts and L.C. Guillory.
Arthur Abercrombie, W. Luther Wilson, Baton Rouge, for defendants/appellees, Liberty Mut. Ins. Co. and Tomkins Industries, Inc.
Before LEBLANC, PITCHER and FITZSIMMONS, JJ.
LEBLANC, Judge.
On September 5, 1989, Wilbert Gage, Sr., and his wife Sara Gage, plaintiffs-appellants, were stopped at a red light when they were hit from behind by a vehicle driven by Warren E. Potts. The vehicle was owned by L.C. Guillory and leased to Delta Coating and Linings, Inc., Mr. Potts' employer.
At the time of the accident, Sara was five (5) months pregnant. On November 10, 1989, Sara gave birth to twins two months premature. Wilbert Gage, Jr., died shortly after his birth and Christina is permanently physically and mentally retarded.
Plaintiffs filed suit seeking damages for the injuries of Wilbert Gage, Sr., Sara Gage and Christina Gage, and for the wrongful death of Wilbert Gage, Jr.
Trial was held August 9-13, 1993. The jury found defendants, Warren E. Potts and his employer, Delta Coatings, 100 percent at fault in the accident.[1] The jury awarded zero (0) damages to Wilbert, Sr., $1,000.00 in general damages to Sara Gage, and held the accident did not cause the premature births of the twins. Judgment was signed accordingly. Plaintiffs sought a new trial or a JNOV. Both were denied.[2]
Plaintiffs have appealed raising the following issues: (1) the denial of plaintiffs' motion to exclude references to the prior criminal conviction of Wilbert Gage, Sr.; (2) the denial of plaintiffs' requested jury charge instructing the jury of the presumption set forth in Housley v. Cherise; and, (3) quantum as to the damages of Wilbert Gage, Sr., and Sara Gage.

ASSIGNMENT OF ERROR NUMBER ONE
Plaintiffs assign as error the denial of their motion to exclude references to Wilbert Gage, Sr.'s, prior criminal conviction. At trial, on cross-examination, Wilbert Gage, Sr., was questioned concerning his felony conviction in Texas in 1982 for aggravated sexual assault. Plaintiffs argue all references should have been excluded as this conviction was more than ten years old and the probative value was far outweighed by *1185 the prejudicial effect to the plaintiffs' claims. At trial, defendants argued reference to the prior conviction was relevant in conjunction with Mr. Gage's claim for future wages and as to Mr. Gage's truth and veracity. The trial court allowed defendants to question Mr. Gage concerning the name of the crime and the date of conviction.
La.Code of Evidence art. 609 provides, in pertinent part:
A. General civil rule. For the purpose of attacking the credibility of a witness in civil cases, no evidence of the details of the crime of which he was convicted is admissible. However, evidence of the name of the crime of which he was convicted and the date of conviction is admissible if the crime:
(1) Was punishable by death or imprisonment in excess of six months under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party; or
(2) Involved dishonesty or false statement, regardless of the punishment.
B. Time limit. Evidence of a conviction under this Article is not admissible if a period of more than ten years has elapsed since the date of the conviction.
This rule allows the use of a witness' prior conviction to attack a witness' credibility if the conviction was for a crime punishable by death or more than six months imprisonment, and if the trial court finds the probative value outweighs the prejudice. This rule calls for a balancing between the probative value of and need for evidence against the harm likely to result from its admission. The court may exclude prior conviction evidence which will unduly arouse the prejudicial emotions of the jury. In addition, fairness and relevancy considerations demand some boundary be recognized. The ten year limit recognizes that convictions over ten years old generally have little probative value and they are, therefore, inadmissible.
The evidence of Mr. Gage's prior conviction was not admissible and was highly prejudicial and outweighed any probative value. At the time of the trial, the conviction was more than ten years old and was not admissible by the clear limits of La.Code of Evidence art. 609 B. In addition, any probative value was far outweighed by the prejudicial effect of informing the jury of Mr. Gage's prior criminal conviction. Mr. Gage's past work history included employment from 1983, immediately after his conviction, until 1989. Any effect his conviction had or would have on his employability was slight. In addition to the minimal probative value, there was unfair prejudice to be aroused against Mr. Gage by informing the jury of his prior conviction for a "sexual" crime.
When a trial court makes a consequential error in the inclusion of evidence, no weight should be accorded the judgment of the trial court which implements the jury verdict. The jury verdict in this case was "tainted" by the trial court's consequential error in including the evidence of Mr. Gage's prior criminal conviction. See McLean v. Hunter, 495 So.2d 1298, 1304 (La.1986). In such situations the jury verdict is simply not entitled to a presumption of regularity. We must now make an independent review of the record before us. Id.
The record establishes by uncontradicted testimony and evidence that Mr. Gage was involved in the accident on September 5, 1989. He was initially diagnosed as suffering from lumbar and cervical strain. He was seen immediately following the accident by an unidentified physician. He was eventually seen by Dr. Henry Dixon and then referred to Dr. Allen Johnston, an orthopedic surgeon, who testified at trial. Dr. Johnston diagnosed bilateral foraminal stenosis, a tightened or reduced spinal canal through which the nerves pass, and treated Mr. Gage with conservative treatment. As Mr. Gage's treatment continued, Dr. Johnston felt the need for a diagnostic arthroscopy of Mr. Gage's left knee. The arthroscopy revealed a torn cartilage on the outside of Mr. Gage's knee and patellofemoral chondromalacia, torn gristle under the knee cap, which were repaired. The surgery was then followed by physical therapy. When questioned, Dr. Johnston testified the accident either aggravated or caused Mr. Gage's knee condition. Dr. Johnston stated he would limit Mr. *1186 Gage's employment to a job requiring lifting of less than fifty (50) pounds. Considering the evidence, we find Mr. Gage is entitled to an award of general damages of $20,000.00.
In addition, the testimony established Mr. Gage's loss of earning capacity. Dr. Johnston testified concerning Wilbert's limitation of not lifting over fifty pounds. Earning capacity itself is not necessarily determined by actual loss; damages may be assessed for the deprivation of what the injured person could have earned despite the fact he may never have seen fit to take advantage of that capacity. Boudreaux v. Farmer, 604 So.2d 641, 654 (La.App. 1st Cir.), writs denied, 605 So.2d 1373, 1374 (1992). However, plaintiffs offered no evidence upon which we could base this award.
Furthermore, the evidence of medical expenses incurred by Mr. Gage as a result of the accident and which were introduced at trial include:

Dr. Allen Johnston $ 4,795.00
Baton Rouge Physical Therapy $ 217.00
The NeuroMedical Center $ 575.00
Baton Rouge Radiology Group, Inc. $ 150.00
North Donmoor Medical Clinic $ 150.00
Fairchild Chiropractic Center $ 2,938.00
Prescription drugs $ 238.67
Surgi-Center of Baton Rouge $ 1,060.00
 __________
TOTAL $10,123.67

In addition to his general damages, these medical expenses are due Mr. Gage.

ASSIGNMENT OF ERROR NUMBER TWO
In their second assignment of error, the plaintiffs argue the trial court erred in denying plaintiffs' request for the jury to be instructed relative to the presumption of causation set forth in Housley v. Cerise, 579 So.2d 973 (La.1991). Plaintiffs argue this presumption applies to the injuries suffered by Sara Gage and to the twins based on their premature delivery.
Housley, 579 So.2d at 980, provides:
[a] claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.
In Wisner v. Illinois Central Gulf R.R., 537 So.2d 740, 745 (La.App. 1st Cir.1988), writ denied, 540 So.2d 342 (1989), this court explained that for a presumption of causation to apply, "two conditions must be met: 1) good health prior to the accident, and 2) medical testimony showing a reasonable possibility that the accident caused the injury." Plaintiffs argue the jury should have been instructed as to this presumption as Sara Gage's pregnancy was proceeding in a normal fashion before the accident, but from the date of the accident until her premature delivery some two months later, she was in constant pain. Plaintiffs assert the accident caused the premature delivery of the twins.
We agree the trial court correctly excluded this charge. The evidence establishes Mrs. Gage was considered a high risk pregnancy. She was carrying twins, had a prior pre-term or low birth weight delivery, and was anemic. In addition, the evidence established that at the time of the pre-term delivery, Mrs. Gage had an infection in the amniotic fluid which produced an irritation of the lining of the wall of the womb, causing the early onset of labor. There were multiple medical experts who testified that infection is known to cause pre-term labor.
In addition, all the medical experts, except one who did not examine Mrs. Gage nor have all the results of tests preformed by her attending physician, agree it is not reasonably possible for an accident to cause labor two months later. Any effect of an accident on a pregnancy would be evident within 48 hours, according to the medical testimony. Mrs. Gage does not meet the conditions necessary for the application of the Housley presumption and the judge correctly excluded this charge to the jury.
In addition, there was no medical evidence the trauma of the accident had any effect on the twins. At the time of the accident and immediately thereafter, there were no signs or symptoms of any medical issues concerning the twins. Both babies were determined *1187 to be viable, with heartbeats, and adequate amniotic fluid. There was no vaginal bleeding. Moreover, at delivery there was no evidence of abruptio placentae, premature separation of the placenta from the uterine wall, as a result of this or any other accident. The trial judge correctly excluded the requested jury charge. This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
Finally, plaintiffs argue the awards the jury made to Wilbert, Sr., and Sara were inadequate, constituting an abuse of discretion. Based on our findings and the awards made to Wilbert, Sr., in assignment number one, we will limit our discussion to the jury awards made to Sara.
In response to the interrogatories, the jury found Sara Gage, as a result of this accident, suffered general damages in the amount of $1,000.00; the jury awarded Sara nothing for medical expenses.
Before an appellate court can disturb a quantum award, the court must determine the trier of fact abused its discretion in making the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
Sara's damages consisted of cervical and lumbar strain and abdominal contusions. During the months following the accident, Mrs. Gage was treated by several health care professionals, including her family practitioner and an orthopedic surgeon. Her diagnosis and treatment included an MRI, conservative treatment, physical therapy and chiropractic care. The record established she received treatment for her injuries for almost one year. Both the orthopedic surgeon and doctor of chiropractic testified at trial as to their diagnosis of Sara's injuries and treatment.
In light of the medical testimony, $1,000.00 for Sara's general damages appears abusively low. A review of prior awards for similar injuries indicates the lowest possible award reasonably within the jury's discretion for such an injury was $15,000.00.
In addition, the jury clearly abused its discretion in that it found Sara had suffered general damages, yet made no award for her medical expenses related to the accident. The record is clear that Mrs. Gage incurred medical expenses as a result of the accident. Therefore, Mrs. Gage is entitled to those expenses resulting from the accident.
Our calculations from the evidence offered at trial for Sara's medical expenses are as follows:

The Imaging Center, Inc. $ 695.00
The NeuroMedical Center $ 200.00
Dr. Allen Johnston $1,585.50
Fairchild Health Care Center $2,938.00
Dixon Medical and Nutrition Clinic $1,025.00
Dr. Jeffries $ 310.00
Prescription drugs $ 83.90
 __________
TOTAL $6,837.40

Sara Gage is due these medical expenses.

CONCLUSION
For the foregoing reasons, we amend the judgment of the trial court to award to Wilbert Gage, Sr., $30,123.67. We amend the award to Sara Gage to increase her award to $21,837.40. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal to be borne by defendants, Warren E. Potts and his employer, Delta Coatings and Linings, Inc.
AMENDED AND AFFIRMED.
NOTES
[1] Other defendants were named in plaintiffs' petition; however, their liability is not at issue in this appeal.
[2] The record contains a transcript of the oral reasons given by the trial judge when denying plaintiffs' motion for a new trial or a JNOV. The record does not contain a signed judgment.